UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MATI GILL,

                          Plaintiff,

        - v -

ARAB BANK, PLC,

                       Defendant.
-------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**

CV-12-3706 (JBW)(VVP)

      Judge Weinstein has referred to me three questions concerning the sealing of

documents in this action.  The questions arise from an order Judge Weinstein entered

requiring that all documents filed under seal in this case be unsealed unless a party provided a

sufficient reason to the contrary.  See Order, July 17, 2012.  In response, the defendant filed

a letter brief explaining that the documents filed under seal in this action were documents

that contained information that was subject to a protective order I entered in the case of

*Linde, et al. v. Arab Bank, PLC*, Dkt. No. 04 CV 2799, and related actions.  In view of that

protective order, Judge Weinstein asked me to consider the following questions:

      1.      Whether documents previously submitted in this case (i.e., *Gill*) should be

              unsealed in whole or in part;

      2.      Whether future filings in this case should be submitted under seal in whole or

              in part; and

      3.      Whether and the extent to which any unsealed documents – whether

              submitted already or not – should have portions redacted.

Order, July 23, 2012.

The protective order entered by me in the *Linde* action identified three categories of information that qualified for confidential treatment.  Thus, the order permits the parties to designate as confidential (or highly confidential) any documents and information that

i.      contain or are derived from trade secrets or other proprietary commercial or financial information; or

ii.     contain or are records in the possession of Arab Bank relating to financial information of persons who are not parties to this litigation; or

iii.    contain or are derived from personal private financial, medical, employment, educational information or disclose the current or past location of a party.

Protective Order, entered on Aug. 1, 2005 [DE 85], ¶ 1(a).

The above categories of information are narrowly tailored and continue to deserve protection.  The Federal Rules specifically recognize the need to protect the information in the first category, trade secrets and other proprietary information, given the possibility that disclosure can result in unnecessary financial detriment to the parties.  *See* Fed. R. Civ. P. 26(c)(1)(G).  The various items of personal information protected in the other two categories are worthy of protection because their disclosure could well expose persons, including non-parties who have no stake whatsoever in the various cases, to annoyance and embarrassment.  Moreover, the protection afforded to identifying information under the third category is designed to forestall any attempts to harm the plaintiffs, a concern of particular significance given the nature of their claims in the various actions against Arab Bank to which the protective order applies.

That the information covered by the protective order continues to deserve protection, however, does not require the wholesale sealing of documents filed in the instant case, for the protective order entered in *Linde* also contains the following provision concerning filings with the court:

> Only those portions of such documents and materials containing or reflecting Confidential Information or Highly Confidential Information shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be disclosed only in accordance with the Order. *Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.*

Protective Order, ¶ 2(f)(ii) (emphasis added). Thus, under the protective order, any filings that contain protected information need not, indeed ordinarily should not, be filed entirely under seal. Rather, as suggested by the defendant, Walsh Letter, July 20, 2012, at 3 [DE 45], all filings should be made publicly, but redacted to exclude only the information that falls within the categories covered by the protective order.

In answer to the questions posed by Judge Weinstein, then,

1. Documents previously submitted to the court should be unsealed in part, subject to appropriate redactions;

2. Future filings in this case should be unsealed, subject to appropriate redactions; and

3. All documents – whether already submitted or submitted in the future – should be redacted only as necessary to exclude information that falls within the categories of information identified in the protective order entered in *Linde.*

For ease of reference by the court, an entire unredacted version of any document filed with redactions should be separately filed under seal electronically, as the court's ECF system is now capable of restricting access to documents filed electronically solely to the parties and the court.  If this recommendation is adopted, the parties should contact August Marziliano, Administrative Supervisor in the Clerk's Office (718-613-2332), to insure filings are properly made.

Respectfully recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          August 23, 2012

-4-